IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Quentin Lamar Patrick, ) | Cr. No. 3:08-01266-MBS |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Movant Quentin Lamar Patrick seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## I. PROCEDURAL BACKGROUND

On December 16, 2008, a federal grand jury returned a one-count indictment charging Movant with being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(2). ECF No. 2. On January 6, 2009, the Government filed an information notifying Movant that he was subject to increased penalties under 18 U.S.C. § 924(e), based upon his three prior drug convictions in South Carolina state court for distribution of cocaine.[1] ECF No. 10. On August 18, 2009, Movant pleaded guilty in the instant case pursuant to a written plea agreement. ECF Nos. 51 & 52. On December 14, 2009, a sentencing hearing was held before the Honorable Matthew J. Perry, Jr. ECF Nos. 66. Due to Movant's three prior drug convictions, Judge Perry sentenced Movant as an "armed career criminal" under the Armed Career Criminal Act,

---

[1] These convictions stemmed from three drug sales that occurred on September 28, October 4, and October 8, 2004. ECF No. 10; ECF No. 70 at 11-12. On August 10, 2006, Movant was sentenced in state court to three concurrent three-year terms of imprisonment. ECF No. 10. Each conviction carried a maximum term of imprisonment of fifteen years. *See* S.C. CODE ANN. § 44-53-375.

18 U.S.C. § 924(e) ("ACCA"), which subjected Movant to a mandatory minimum sentence of 180 months imprisonment. ECF No. 87. Movant's guideline range was 188-235 months imprisonment, based on a total offense level of 31 and a criminal history category of VI. ECF No. 72. Judge Perry sentenced Movant to a 200-month term of imprisonment, to be followed by five years of supervised release. ECF No. 71. Judgment was entered on December 21, 2009. *Id.*

Movant did not file any appeals or motions until August 20, 2012, when he filed his § 2255 motion. ECF No. 75. On August 22, 2012, the case was reassigned to the undersigned because of Judge Perry's death in 2011. ECF No. 76. On October 18, 2012, the Government filed a motion to dismiss and a motion for summary judgment. ECF Nos. 82 & 83. On the same day, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order advising Movant of the motion to dismiss and summary judgment procedures, and the possible consequences if he failed to respond adequately. ECF No. 84. Movant elected not to respond.

## II. DISCUSSION

Movant asserts the following three grounds for relief: 1) counsel was ineffective for not appealing the court's decision to sentence Movant under the ACCA; 2) in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), Movant is "actually innocent" of being an armed career criminal; and 3) Movant's three prior drug convictions were not proper predicate offenses under the ACCA. The Government contends that Movant's § 2255 motion is time-barred and should therefore be dismissed.

To timely file a motion under § 2255, a defendant has one year from the latest of: 1) the date on which a judgment of conviction becomes final; 2) the date on which an impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States

is removed, if the defendant was prevented from making a motion by such governmental action; 3) the date on which a right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or 4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

A judgment of conviction becomes final when the time for seeking review expires. *Clay v. United States*, 537 U.S. 522, 525 (2003). Here, Movant did not file a direct appeal, so the judgment became final on January 4, 2010, fourteen days after it was entered. *See* FED. R. APP. P. 4(b)(1)(A)(i), (6). Movant's August 20, 2012 motion was not filed within one year of the date his judgment of conviction became final. *See* § 2255(f)(1).

In addition, Movant is unable to demonstrate that one of the later dates listed under § 2255(f) delayed the running of the statute of limitations. There is no evidence that Movant was prevented from filing a § 2255 motion because of any government interference. *See* § 2255(f)(2). Movant also does not assert relief under a newly recognized right made retroactively applicable to cases on collateral review. *See* § 2255(f)(3). Movant cites *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), as a basis for relief. *Simmons* applied the Supreme Court's decision in *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), to hold that the analysis of whether a prior conviction qualifies as a felony must focus on whether the defendant before the court could have received a sentence exceeding twelve months given his aggravating circumstances and criminal past, and not whether a hypothetical defendant charged with the same offense could have. However, the Fourth Circuit recently held that the Supreme Court's decision in *Carachuri-Rosendo* and its decision in *Simmons* are not retroactive to cases on collateral review. *See United States v. Powell*, 691 F.3d 554 (4th Cir.

3

2012). Finally, Movant does not assert that his § 2255 motion relies on newly discovered evidence. *See* § 2255(f)(4).

An otherwise time-barred movant can be entitled to equitable tolling in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party." *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). A movant must show that: (1) he pursued his rights diligently, and (2) some extraordinary circumstances precluded a timely filing. *Holland v. Florida*, 130 S. Ct. 2549 (2010). However, "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). The court is aware of no extraordinary circumstance that would warrant the application of equitable tolling in this case.

Finally, the Supreme Court recently held that the actual innocence exception, which allows a court to review the merits of a habeas claim despite procedural default, similarly allows the court to review untimely habeas claims. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). In his § 2255 motion, Movant does not assert that he is actually innocent of any of the three predicate offenses that supported the court's armed career criminal finding. Rather, Movant asserts that his three predicate offenses did not, as a legal matter, justify application of the ACCA sentencing enhancement. Such an argument is not cognizable as a claim of actual innocence. *See United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) (holding that actual innocence does not extend to non-factual challenges to the application of sentencing enhancements but "only where the challenge

4

to eligibility stems from actual innocence of the predicate crimes."). Therefore, Movant's claim of actual innocence does not overcome the time bar precluding review of his § 2255 motion.[2]

### III. CONCLUSION

For those reasons, Movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. §2255, ECF No. 75, is **DENIED**. The Government's motion to dismiss, ECF No. 82, is **GRANTED**, and the Government's summary judgment motion, ECF No. 83, is **DENIED** as moot.

---

[2] In any event, the court finds no merit in Movant's contention that he was improperly sentenced as an armed career criminal. Under the ACCA, a defendant is an armed career criminal and subject to a fifteen-year mandatory minimum sentence if he violates 18 U.S.C. § 922(g)(1), and has at least three prior convictions for violent felonies or "serious drug offense[s] . . . committed on occasions different from one another." 18 U.S.C. § 924(e)(1). A "serious drug offense" is defined as one "for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). Movant committed the offense of distribution of cocaine three times on three separate days in September and October 2004, each of which resulted in a conviction carrying a maximum term of imprisonment of fifteen years. *See* S.C. CODE ANN. § 44-53-375; *see also United States v. Letterlough*, 63 F.3d 332, 334 (4th Cir. 1995) (holding that drugs sales made by defendant to same police officer, approximately ninety minutes apart, were occasions different from one another). Therefore, Judge Perry properly sentenced Movant as an armed career criminal.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2255(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Movant has not made the requisite showing. Accordingly, the court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
August 13, 2013